GULOTTA, Judge.
Faith McCullough, an assistant manager at a Time Saver Food Store, appeals from the dismissal of her damage suit against the store’s milk distributor. According to plaintiff, she slipped on a floor wet with milk due to leakage from defective milk cartons supplied by the defendant. She claims she sustained serious back injuries from the slip-and-fall accident.
The trial judge dismissed plaintiff’s suit on three grounds: (1) she failed to prove her case by a preponderance of the evidence; (2) she was contributorily negligent; and (3) her claim had prescribed several days before she filed suit. We affirm.
*206 It is undisputed that defendant supplied milk to the food stores in defective cartons. There was testimony from several witnesses, both employees of the food store and employees of the distributor, that leakage from the milk cartons had been a problem for some time before the date of the accident. The problem was known to all employees who handled the milk. Plaintiff was fully aware of the leakage problem and testified that one of her duties was to mop up the milk leakage. On the day of the accident, plaintiff was engaged in transferring milk from cases stacked on the floor to the store’s cooler. McCullough testified that she had mopped the leakage on the cooler floor a few hours after the cartons had been placed there that day, with a mop kept in the cooler specifically to clean up milk spillage. She contends that while carrying a case of milk as she unloaded the cartons, she fell on the floor. Plaintiff attributes this to further leakage from the cartons, although she testified that she did not remember seeing any milk on the floor before she fell.
In his reasons for judgment, the trial judge stated:
“In the opinion of the court, the plaintiff did not make out her case by a preponderance of the evidence. Moreover, it appears that any negligence on the part of the defendant was not the proximate cause of the accident; that the milk cartons were leaking at the Time Saver store where the accident occurred is not disputed. The plaintiff, however, as manager of Time Saver store No. 7 was aware of this problem. It was her obligation to. mop up the milk to make the place safe. A mop was there for such purposes. The only conclusion which can be reached by this court is that she did not keep the place sufficiently free from the leaking milk. This constitutes negligence on her part which was the proximate cause of the accident.”
The judge’s conclusions are supported by the record.[1] There was testimony by some of plaintiff’s co-employees that she had previously fallen on the floor while sitting on a coke case and injured her back, although plaintiff denied this. Such testimony, however, is sufficient to raise a doubt in the mind of the trial judge regarding the cause of plaintiff’s injury. In addition, plaintiff not only knew of the danger of slipping but, according to her own testimony, she had the responsibility, as assistant manager, to “keep the store clean” and to mop milk leakage from the floor. She testified that she saw no milk on the floor when she lifted the case; nonetheless, she fell. The logical conclusion is that she must not have mopped the floor sufficiently dry before she began stacking the milk cases.
Our review of the record shows the trial judge’s credibility evaluations and inferences of fact were reasonable. Moreover, the record establishes that his findings are not clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Dominque, 365 So.2d 1330 (La.1978). For the reasons above, therefore, we affirm the judgment of the district court.

AFFIRMED

. Because we dispose of this matter on a factual basis, we need not consider the prescription question.